```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF KANSAS


DALE MCNEAL,                          )
                                      )
             Plaintiff,               )
                                      )
    v.                                )   Case No. 12-1284-RDR
                                      )
FRONTIER AG, INC., USIC SECURITY      )
INSURANCE CO and ASSURANT INC.        )
d/b/a ASSURANT EMPLOYEE BENEFTIS,     )
                                      )
             Defendants.              )
_____
```

                         **MEMORANDUM AND ORDER**

    This is an action which has been removed from state district court.  In plaintiff's petition, he alleges that he entered an employment contract with defendant Frontier Ag, Inc. ("Frontier") on or about September 14, 2009.  Plaintiff claims that as part of the consideration for plaintiff accepting employment with Frontier, Frontier agreed to provide disability insurance protection after a 90-day waiting period and that this insurance would provide plaintiff with 60% of plaintiff's salary in the event of disability.  The petition further alleges that, contrary to this agreement, the disability coverage became effective approximately 180 days after plaintiff was hired.  According to the petition, plaintiff developed a disabling medical condition in the late summer of 2010, made a claim for benefits to defendant Assurant, Inc. under a policy underwritten

and/or provided by defendant Union Security Insurance Company. Plaintiff asserts that the claim for benefits was improperly denied.

Plaintiff has alleged claims against all three defendants for breach of contract. Plaintiff also alleges a violation of ERISA, 29 U.S.C. § 1132(a)(1)(B), which permits a participant or beneficiary of an ERISA plan to recover benefits due to him under the terms of the plan. Plaintiff demands judgment against defendants for benefits consistent with what he alleges is required by the insurance policy and by his contract with defendant Frontier.

This case is before the court upon defendant Frontier's motion to dismiss pursuant to FED.R.CIV.P. 12(b)(6) and/or for partial summary judgment.

I. Rule 12(b)(6) standards

Rule 12(b)(6) provides for dismissal of actions for failure to state a claim upon which relief may be granted. "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted). The court must not "weigh potential evidence that the parties might present at trial, but . . . assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which

2

relief may be granted." Cohon v. New Mexico Dept. of Health, 646 F.3d 717, 724 (10th Cir. 2011) (interior quotations omitted).

The Supreme Court has stated that plausibility requires that the allegations of a complaint should "raise a reasonable expectation that discovery will reveal evidence" supporting the elements of the claims, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007), and "allo[w] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Iqbal, 556 U.S. at 678.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotations and citations omitted).

The Tenth Circuit has elaborated upon the plausibility standard as follows:

> plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). Further, we have noted that "[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context." Kansas Penn, 656 F.3d at 1215; see also Iqbal, 129 S.Ct. at 1950 ("Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

> Thus, we have concluded the Twombly/Iqbal standard is "a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do." Robbins, 519 F.3d at 1247 (internal quotation marks and citations omitted).

Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012).

III. Defendant Frontier's arguments for dismissal under Rule 12(b)(6).

Defendant Frontier argues for dismissal under Rule 12(b)(6) for three reasons: 1) because plaintiff may not bring an ERISA action against Frontier; 2) because plaintiff's state law breach of contract claim is not adequately pleaded; and 3) because plaintiff's breach of contract claim is preempted by ERISA.

IV. Defendant Frontier's contested arguments for dismissal shall be denied.

A. Plaintiff agrees with defendant Frontier that it is not liable under ERISA.

Frontier's first argument is that it is not a proper party to any ERISA claim for benefits under the disability policy because it is merely the policyholder and not the company responsible for administering the benefits available under the policy. Plaintiff agrees that defendant Frontier is not the proper defendant for a claim under ERISA for unpaid benefits. Indeed, plaintiff asserts that his claim against Frontier is <u>not</u> for benefits under the disability plan, rather it is for the

4

difference between what Frontier allegedly promised and what was actually provided after plaintiff started his job with Frontier. So, it is undisputed that plaintiff has no ERISA claim against Frontier.

    B.  <u>Defendant Frontier's arguments that plaintiff's breach of contract claim should be dismissed shall be rejected at this time</u>.

Frontier contends that plaintiff's state law breach of contract claim should be dismissed because it is inadequately pleaded and because it is preempted under ERISA.  The court shall reject both arguments.

    1.  <u>The petition adequately alleges a breach of contract claim</u>.

Frontier claims that plaintiff's breach of contract allegations are vague and do not assert a plausible claim for relief under <u>Twombly</u>.  The court rejects Frontier's claim that plaintiff's allegations fail the <u>Twombly</u> test.  The petition asserts that Frontier promised certain benefits to plaintiff in return for plaintiff's employment, and that Frontier did not provide those benefits after plaintiff started working for Frontier.  The elements of a breach of contract claim are: the existence of a contract; sufficient consideration to support the contract; performance of the contract, and the defendant's breach. <u>Commercial Credit Corp. v. Harris</u>, 510 P.2d 1322, 1325 (Kan. 1973).  Plaintiff's allegations are not mere labels and

conclusions.  They appear sufficient to cover the elements of a breach of contract claim and to suggest a reasonable possibility that discovery may produce evidence to support plaintiff's claim.

      2.  <u>Plaintiff's breach of contract claim is not subject to preemption under ERISA</u>.

Frontier's preemption argument requires more lengthy discussion.  The preemption argument here appears to be based upon Section 514(a) of ERISA which states that it "shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan. . . ."  29 U.S.C. § 1144(a).  Whether a state law governing breach of contract "relates to" an ERISA plan requires the court to consider the objectives of ERISA as well as the nature of the effect of the state law on ERISA plans, since the state law governing breach of contract does not expressly refer to employee benefit plans.  See <u>Egelhoff v. Egelhoff</u>, 532 U.S. 141, 147 (2001); <u>New York State Conf. of Blue Cross and Blue Shield Plans v. Travelers Ins. Co.</u>, 514 U.S. 645, 656 (1995).  The Tenth Circuit has described the objectives of ERISA as follows:

> In enacting ERISA, Congress intended to "protect . . . the interests of participants in employee benefits plans and their beneficiaries . . . by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies." 29 U.S.C. § 1001(b).  Preemption of state law works toward that end by subjecting plans and plan sponsors to a uniform

6

>body of law and minimizing the administrative and financial burdens of complying with conflicting directives among states or between states and the federal government.

Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 990 (10th Cir. 1999). The Tenth Circuit has also recognized four categories of state laws that "relate to" a benefit plan and are preempted by ERISA:

>(1) laws regulating the type of benefits or terms of ERISA plans;
>(2) laws creating reporting, disclosure, funding or vesting requirements for such plans;
>(3) laws providing rules for calculating the amount of benefits to be paid under such plans; and
>(4) laws and common-law rules providing remedies for misconduct growing out of the administration of such plans.

Id.

Preemption is not invoked "if the state law has only a tenuous, remote, or peripheral connection with ERISA plans as is the case with many laws of general applicability." District of Columbia v. Greater Wash. Bd. Of Trade, 506 U.S. 125, 130 n. 1 (1992)(quotations and citations omitted). A state law claim is not preempted "if it does not affect the structure, administration, or the type of benefits provided by an ERISA plan. . . . [but] ERISA preemption is triggered when there is an effect on the primary administrative functions of benefit plans." Kisor v. Advantage 2000 Consultants, Inc., 799 F.Supp.2d 1204, 1212 (D.Kan. 2011). Also, "[c]laims that do not

7

affect the 'relations among the principal ERISA entities, the employer, the plan, the plan fiduciaries and the beneficiaries' are not preempted." Id. (quoting Woodworker's Supply, 170 F.3d at 990).

Applying the factors discussed above to the allegations of the petition, the court finds that plaintiff's breach of contract claim against defendant Frontier is not preempted by ERISA. The state law governing breach of contract does not fall within any of the four categories of state laws listed by the Tenth Circuit in the Woodworker's Supply case. It does not regulate plan benefits, create requirements for ERISA plans, or provide rules for calculating benefits to be paid under such plans. While defendant may contend that in this instance breach of contract law is being asserted as a remedy for alleged misconduct growing out of the administration of an ERISA plan, the court disagrees. Plaintiff asserts that defendant Frontier breached its employment contract with defendant. Defendant Frontier does not appear to be the plan fiduciary under the facts alleged here. Plaintiff's claim against defendant Frontier therefore is not to recover for misconduct in the administration of the plan.

Permitting plaintiff to proceed with a state breach of contract claim against defendant Frontier would not affect the structure, administration or type of benefits provided by the

8

plan or affect the primary administrative functions of the plan. The breach of contract claim is not asking for plan benefits to be paid from the plan. Instead, plaintiff is asking for promised benefits from defendant Frontier which are alleged to be part of an employment contract. Enforcing the alleged contract, if the claim is proven, should have no impact upon the plan in question or the goal of ERISA to ensure that plans are subject to uniform regulation.

The court acknowledges defendant Frontier's argument that plaintiff's breach of contract claim is alleged to be contingent upon what plaintiff may recover upon his ERISA claims. This contingency, however, is not a sufficient connection to require preemption. See <u>Stevenson v. Bank of New York Co., Inc.</u>, 609 F.3d 56, 61-62 (2nd Cir. 2010)(reference to ERISA plans as a benchmark for determining damages is not sufficient to "relate to" an ERISA plan). Moreover, the conduct in controversy here, the breaking of alleged promises made to secure employment, is not the focus of ERISA and the promises did not occur when plaintiff was an employee, a plan participant or a plan beneficiary; nor when defendant Frontier was plaintiff's employer or plan fiduciary. If a remedy is warranted for the alleged breach of contract, that remedy will not regulate or affect the relations of the other plan participants and the plan fiduciary.

9

plan or affect the primary administrative functions of the plan. The breach of contract claim is not asking for plan benefits to be paid from the plan. Instead, plaintiff is asking for promised benefits from defendant Frontier which are alleged to be part of an employment contract. Enforcing the alleged contract, if the claim is proven, should have no impact upon the plan in question or the goal of ERISA to ensure that plans are subject to uniform regulation.

The court acknowledges defendant Frontier's argument that plaintiff's breach of contract claim is alleged to be contingent upon what plaintiff may recover upon his ERISA claims. This contingency, however, is not a sufficient connection to require preemption. See <u>Stevenson v. Bank of New York Co., Inc.</u>, 609 F.3d 56, 61-62 (2nd Cir. 2010)(reference to ERISA plans as a benchmark for determining damages is not sufficient to "relate to" an ERISA plan). Moreover, the conduct in controversy here, the breaking of alleged promises made to secure employment, is not the focus of ERISA and the promises did not occur when plaintiff was an employee, a plan participant or a plan beneficiary; nor when defendant Frontier was plaintiff's employer or plan fiduciary. If a remedy is warranted for the alleged breach of contract, that remedy will not regulate or affect the relations of the other plan participants and the plan fiduciary.

9


The cases cited by defendant Frontier where preemption was found are distinguishable. In Straub v. Western Union Telegraph Co., 851 F.2d 1262 (10th Cir. 1988), the breach of contract claim arose from statements made by a plan fiduciary to a plan participant regarding the benefits that would be paid under a plan in the event that the plaintiff transferred his employment to a different but affiliated employer and continued to participate under the same plan.  A decision as to that claim would impact the plan as well as risk non-uniformity in the administration of the plan.  Miller v. Coastal Corp., 978 F.2d 622 (10th Cir. 1992) is distinguishable on the factual grounds just mentioned regarding the Straub decision and because the Tenth Circuit was addressing whether the court should recognize a federal common law estoppel claim, not a state breach of contract claim.  In Kerber v. Qwest Group Life Ins. Plan, 647 F.3d 950 (10th Cir. 2011), the Tenth Circuit also found that ERISA preempted a federal common-law cause of action premised on equitable estoppel, although the court left the door open for such a claim under more egregious circumstances.  This holding was in the nature of dicta because the court held that an estoppel claim would fail as a matter of law under the facts of the case.  As with Straub and Miller, those facts involved statements made by a plan fiduciary to plan participants and the

estoppel claim, if successful, would have an impact upon the benefits offered by the plan.

Defendant Frontier also cites <u>Hawkins v. MCI</u>, 2005 WL 1130267 (D.Kan., 5/13/2005) and <u>Samuel R. Jahnke & Sons, Inc. v. Blue Cross/Blue Shield</u>, 2011 WL 4526778 (D.Kan. 9/28/2011). We find that these cases are also distinguishable because they involve whether there can be oral modifications or other changes to ERISA plans that affect plan participants, not alleged promises made by non-fiduciaries to persons before those persons are participants in an ERISA plan. <u>Settles v. Golden Rule Ins. Co.</u>, 927 F.2d 505 (10th Cir. 1991) involves a wrongful death action against an insurance company which was the plan fiduciary when a death allegedly occurred as a direct result of the termination of plan benefits to a plan participant. It did not involve conduct which occurred prior to an employment relationship or prior to the plaintiff's participation in the plan.

Finally, defendant Frontier cites a Fifth Circuit case from 1989, <u>Cefalu v. B.F. Goodrich Co.</u>, 871 F.2d 1290 (5th Cir. 1989). In <u>Cefalu</u>, the plaintiff sought to bring a breach of contract claim against his former employer to recover pension benefits allegedly lost because of the employer's misrepresentation of what would happen if the plaintiff left employment to become a franchisee, as opposed to accepting employment with his former

11

employer's successor.  The Fifth Circuit held that the breach of contract claim was preempted.  The facts in Cefalu are not significantly different from the facts in Stevenson, where the Second Circuit found in 2010 that a state breach of contract claim was not preempted and that the plaintiff could make a claim for pension benefits from his former employer who allegedly promised that his pension benefits would be maintained if he took a job abroad with an affiliated company.  The reasoning of the Second Circuit in Stevenson is more persuasive to this court and it appears more consistent with the narrowing of the preemption doctrine which began after the Cefalu and Straub decisions, starting with the Supreme Court's Travelers decision in 1995.

On this basis, the court shall reject defendant's preemption argument for dismissal of plaintiff's breach of contract claim.

V. Defendant Frontier's arguments for partial summary judgment and to deny a jury trial are tied to claims not made by plaintiff and shall be rejected.

Frontier argues for partial summary judgment against plaintiff's claim "for benefits allowed under the terms of the Plan, pursuant to 29 U.S.C. § 1132(a)(1)(B)."  Doc. No. 4 at p. 11.  Defendant Frontier asserts that plaintiff's claims are based upon or governed by the written terms of the ERISA plan in this case and Frontier repeats its claim that plaintiff's state

12

law claims are preempted by ERISA, which does not allow for jury trials.  Plaintiff, however, is not bringing a claim for benefits under ERISA against defendant Frontier.  In addition, as discussed above, plaintiff's state law breach of contract claim is not preempted by ERISA and allows for the possibility of a jury trial.  Therefore, defendant's arguments for partial summary judgment and against a jury trial shall be rejected at this time.

VI.  Conclusion

Consistent with the comments made above, defendant Frontier's motion to dismiss and for partial summary judgment (Doc. No. 4) shall be denied.

**IT IS SO ORDERED.**

Dated this 4th day of January, 2013 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge